Filed 2/21/24  Shear Development Co. v. Cal. Coastal Commission CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| SHEAR DEVELOPMENT CO., LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CALIFORNIA COASTAL COMMISSION, <br><br> Defendant and Respondent. | 2d Civil No. B319895 <br> (Super. Ct. No. 20CV-0431) <br> (San Luis Obispo County) |

The California Coastal Commission (the Commission) has limited jurisdiction to consider an appeal from a decision by San Luis Obispo County (the County) to grant a coastal development permit.  (Pub. Resources Code, § 30603, subd. (a).)[1]  Here, the County granted a development permit allowing appellant Shear Development Co. to build three single family homes in Los Osos.

---

[1] All statutory references are to the Public Resources Code unless otherwise stated.

The Commission appealed that decision to itself and denied the permit. Shear Development filed a petition for writ of mandate to reverse the Commission's denial. The Superior Court denied the writ. On appeal, Shear Development contends the Commission lacked jurisdiction to hear the appeal and abused its discretion in denying the permit. We affirm.

*Facts*

In 2003, appellant Shear Development acquired eight lots in Los Osos. The lots are located near properties developed with single family homes, although there are also undeveloped vacant lots nearby. Appellant's lots are zoned for single family homes. Appellant performed grading work and installed improvements including landscaping, retaining walls, roads, sidewalks, storm drainage and underground utilities. The utilities include water and sewer mains and sewer laterals.

In 2004, the County approved a coastal development permit to eventually allow the development of eight single family houses on the lots. The project was to proceed in two phases. Phase I authorized the construction of four single family houses on four of the lots. Phase II contemplated construction of single family houses on the remaining lots. The coastal development permit obtained for Phase I specified that the houses included in Phase II "are required to be served by the new community sewer system. The County placed a scenic easement on [the Phase II lots] to assure that these residences could not be developed until after sewer completion . . . ." The Commission further required appellant to submit final plans for Phase I that included a notation indicating "future development of [the Phase II lots] is subject to a separate coastal development permit."

In 2010, following County approval, the Commission granted a coastal development permit authorizing construction of the Los Osos Wastewater Project (LOWWP). As a condition of issuing the permit, the County agreed to Special Condition No. 6 which provides, "Wastewater service to undeveloped properties within the service area shall be prohibited unless and until the Estero Area Plan is amended to identify appropriate and sustainable buildout limits, and any appropriate mechanisms to stay within such limits, based on conclusive evidence indicating that adequate water is available to support development of such properties without adverse impacts to ground and surface waters, including wetlands and all related habitats."

Appellant built the four houses authorized in Phase I. When the LOWWP was completed in 2016, those houses were connected to the community sewer.

Appellant then applied to the County for a coastal development permit to construct Phase II, the remaining four houses. It later modified the proposed development by reducing the number of houses to three. The County granted a coastal development permit for Phase II in 2019.

The Commission appealed that decision to itself and eventually denied the coastal development permit. It found the permit application was appealable because the project is located in a sensitive coastal resource area and because the proposed project is not "the principal permitted use" for the applicable zoning category. The Commission denied the permit because it found the project was inconsistent with development standards for environmentally sensitive habitat areas (ESHA) and because the project site does not have adequate access to water and wastewater services.

Appellant filed a petition for writ of mandate to overturn the Commission's decision and reinstate the development permit. The Superior Court denied the writ after concluding the project was located in a sensitive coastal resource area (SCRA) and lacked access to water and wastewater services.  It rejected the Commission's contentions that the project was located in an ESHA and did not fall within the principally permitted use for the applicable land use category.  Similarly, the Superior Court concluded the Commission lacked substantial evidence to support its finding that the project was inconsistent with ESHA policies included in the County's local coastal program (LCP).

*Statutory and Regulatory Framework*

The Coastal Act contemplates that each local government "lying, in whole or in part, within the coastal zone shall prepare a local coastal program for that portion of the coastal zone within its jurisdiction." (§ 30500, subd. (a).)  After the Commission certifies a LCP as consistent with the Coastal Act (§ 30512), its authority to review and authorize development proposals in the coastal zone is delegated to the local government.  (§ 30519, subd. (a).)  The Commission then has limited statutory authority to consider appeals from development decisions made by the local government.  (§ 30603.)

Section 30603 provides that, after the Commission certifies an LCP, "an action taken by a local government on a coastal development permit application may be appealed to the commission for only the following types of developments:  . . . (3) Developments approved by the local government . . . that are located in a sensitive coastal resource area.  (4) Any development approved by a coastal county that is not designated as the

4

principal permitted use under the zoning ordinance or zoning district map . . . ." (*Id.*, subd. (a).)

San Luis Obispo County has a certified LCP comprised of the county's Coastal Zone Land Use Ordinance (CZLUO), several local area plans governing different geographic regions in the county, official maps and other policy and planning documents. Development policies, programs and standards governing Los Osos, including the site of appellants' proposed development, are included in the Estero Area Plan (EAP).

The San Luis Obispo County Code (County Code) provides that a county decision on an application for a coastal development permit is appealable to the Commission if, among other things, the proposed development is "located in a Sensitive Coastal Resource Area, which includes: (i) Special marine and land habitat areas, wetlands, lagoons, and estuaries mapped and designated as Environmentally Sensitive Habitats (ESHA) in the Local Coastal Plan. Does not include resource areas determined by the County to be Unmapped ESHA." (County Code, § 23.01.043 (c)(3)(i).) The Commission's appellate jurisdiction also extends to "Any approved development not listed in Coastal Table O, Part I of the Land Use Element as a Principal Permitted (P) Use." (*Id.*, subd. (c)(4).)

*Contentions*

The first question here is whether the County's decision to issue a coastal development permit for appellant's project is appealable to the Commission because the proposed development is situated in an SCRA or because the type of development is not the "principal permitted use" for the project site. Appellant contends the project site is not located in an SCRA because no county map shows the site as being located in a "mapped" ESHA.

5

Appellant further contends the permit is not appealable because the project involves the construction of three single family homes and single family residential is one of the principally permitted uses for the zoning district in which it is located.

The Commission contends it has appellate jurisdiction because Figure 6-3 in the Estero Area Plan designates the project site as an SCRA containing ESHA. In its cross-appeal, the Commission contends the permit is also appealable under County Code section 23.01.043(c)(4) because the County has designated multiple principally permitted uses for every zoning category. Because there is no single principally permitted use, no use qualifies as *the* principally permitted use within the meaning of the Coastal Act (§ 30603, subd. (a)(4)), or the County Code.

Assuming the permit was appealable to the Commission, appellant contends the Commission abused its discretion in denying it because the project has access to water and wastewater services and is consistent with the LCP's policy regarding ESHAs. The Commission disagrees. It contends the project site lacks permitted access to water and wastewater services and that the project does not meet standards for development in an ESHA.

*Standard of Review*

In this appeal from the trial court's order denying a writ of mandate, we are required to determine whether the Commission acted in excess of its jurisdiction or prejudicially abused its discretion by not proceeding in the manner required by law. (Code Civ. Proc., § 1094.5, subd. (b); *Schneider v. California Coastal Com.* (2006) 140 Cal.App.4th 1339, 1343.) Where the agency's jurisdiction "involves the interpretation of a statute, regulation, or ordinance, the issue of whether the agency

6

proceeded in excess of its jurisdiction is a question of law." (*Schneider v. California Coastal Com., supra,* at p. 1344.) We independently review the question whether the Commission's exercise of jurisdiction here is consistent with the Coastal Act. (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 11 fn. 4; *Security National Guaranty, Inc. v. California Coastal Com.* (2008) 159 Cal.App.4th 402, 414.)

The Commission abuses its discretion if it "has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Code Civ. Proc., § 1094.5, subd. (b).) In determining whether findings are supported by substantial evidence, we review the findings "in the light of the whole record." (*Id.*, subd. (c).) This standard requires us to consider all relevant evidence in the record, both evidence that supports the Commission's findings and evidence that detracts from those findings. (*La Costa Beach Homeowners' Assn. v. California Coastal Com.* (2002) 101 Cal.App.4th 804, 814.) We may reverse the Commission's decision only if, "'*based on the evidence before the agency*, a reasonable person could not reach the conclusion reached by the agency.'" (*Ibid.*)

*Discussion*

Jurisdiction:  Sensitive Coastal Resource Area.  Both the Coastal Act and the County's Coastal Zone Land Use Ordinance (CZLUO) provide that a coastal development permit approved for a development located in a Sensitive Coastal Resource Area is appealable to the Commission. (§ 30603, subd. (a)(3); County Code, § 23.01.043, subd. (c)(3).) Both the statute and the ordinance define a Sensitive Coastal Resource Area as "identifiable and geographically bounded land and water areas

7

within the coastal zone of vital interest and sensitivity." (§ 30116; County Code, § 23.11.030 [pp. 379, 405 of 414].) The CZLUO further provides that appealable developments are those "[a]s set forth in Public Resources Code Section 30603, [subdivision] (a), and this title . . . ." (County Code, § 23.01.043, subd. (c).) Appealable permits include those for projects "that are located in a Sensitive Coastal Resource Area, which includes: (i) Special marine and land habitat areas, wetlands, lagoons, and estuaries mapped and designated as Environmentally Sensitive Habitats (ESHA) in the Local Coastal Plan." (*Id*., subd. (c)(3)(i).)

The Estero Area Plan (EAP) contains "policies, programs and standards" applicable to the community of Los Osos and the site of appellant's proposed development. Chapter 6 of the EAP "identifies special features of the environment, discusses relevant issues, sets policies, and recommends programs to implement the relevant goals and policies of this plan." "Combining designations" included in this chapter identify sensitive, scenic and other special features of the environment. Areas that fall within these combining designations require "more detailed project review" to "avoid adverse environmental impacts." One of the combining designations is for Sensitive Resource Area, defined as "ecologically important areas, such as wetlands, marshes, sand dunes, natural plant communities, habitat for rare and endangered plans and animals, and sensitive watershed."

Chapter 6 of the EAP identifies the Los Osos Dune Sands Habitat as an SRA. Portions of the same area are also identified as an environmentally sensitive habitat. The EAP explains that the Los Osos Dune Sands Habitat "is comprised of sandy soils – primarily 'Baywood fine sands,' as identified by the Natural Resources Conservation Service in the Soil Survey of San Luis

8

Obispo County, Coastal Part (See Figure 6-3). These sands also underlie some areas outside of Los Osos, and occur in the city of Morro Bay. The areas underlain by these sands outside of Los Osos are included in the Sensitive Resource Area combining designation and are also an Environmentally Sensitive Habitat (Terrestrial Habitat)."

Figure 6-3 is a map of the Los Osos Dune Sands. The project site is located within the dune sands area depicted on that map. This constitutes substantial evidence supporting the Commission's findings that the project is located in an SRA and that the development permit is therefore appealable to the Commission. (See, e.g., *Charles A. Pratt Construction Co., Inc. v. California Coastal Commission* (2008) 162 Cal.App.4th 1068, 1077 [map identifying area as a "'sensitive resource area[] that [is] also environmentally sensitive habitat[]'" was substantial evidence for Commission's ESHA finding].)

Appellant contends Figure 6-3 is not sufficient to designate the project site as being within an SCRA because section 23.01.043, subdivision (c)(3)(i) of the County's CZLUO limits SCRAs to habitat areas that are "mapped and designated as Environmentally Sensitive Habitats (ESHA) in the Local Coastal Plan." Because there is no map in the Local Coastal Plan that designates the project site as an SRA, appellant contends the permit was not appealable. We disagree.

First, the county's CZLUO is intended to, and must be interpreted consistently with the Coastal Act. (*McAllister v. California Coastal Com.* (2008) 169 Cal.App.4th 912, 930-932 [LCP presumed to be consistent with the Coastal Act and interpreted to incorporate its ESHA protections]; County Code, § 23.01.043, subd. (c) [projects are appealable "As set forth in the

Public Resources Code Section 30603(a), and this title . . . ."].)
Section 30603 does not limit the Commission's appellate jurisdiction to projects located in mapped ESHA, but extends it to all projects located in an SCRA.

Second, Figure 6-3 in the Estero Area Plan is a map that identifies the Los Osos Dune Sands habitat as an SCRA and appellant's proposed project is located within that area. The fact that maps included in other portions of the County's LCP do not also identify the dune sands habitat as an SCRA is not relevant. The EAP states that, "All other county plans, policies and programs that involve the Estero Planning Area and are subject to the [County's Local Coastal Program] are to be consistent with and implement this plan."

Appellant next contends the project is not appealable to the Commission because the SCRA designation applies only to dune sands located outside the Los Osos urban reserve line. Because the project is located inside the urban reserve line, appellant contends the Commission had no jurisdiction to review it.

We are not persuaded. The EAP describes the entire Los Osos Dune Sands habitat as having "soil characteristics that support globally rare habitat in a unique composition" of biological communities. These communities "support a diversity of native plant species and a number of rare, endangered or threatened species of plants and animals" some of which "are found nowhere else in the world." Nothing in the EAP indicates that these "globally rare" and "unique" features are limited to one side or another of the Los Osos urban reserve line. Instead, the description of the dune sands meets the definition of an SCRA under both the County CZLUO and the Coastal Act without

10

regard to the urban reserve line.[2]  Because the project is located in an SCRA, the Commission had jurisdiction over the appeal from the development permit.

Having concluded that the Commission properly exercised appellate jurisdiction based on the project's location in an SCRA, it is not necessary for us to consider whether, as the Commission contends in its cross-appeal, it also has appellate jurisdiction because the project does not fall within the principal permitted use for its zoning category.  (§ 30603, subd. (a)(4).)

Abuse of Discretion

Appellant contends the Commission abused its discretion when it denied the development permit because the project is consistent with the LCP's water and wastewater requirements and is consistent with the policies for development in an ESHA. The Commission found the project was inconsistent with the LCP and lacked sufficient water and wastewater service.  We conclude the Commission did not abuse its discretion because its factual findings relating to water and wastewater access are supported by substantial evidence.

The County's CZLUO provides, "A land use permit for new development that requires water or disposal of sewage shall not be approved unless the applicable approval body determines that there is adequate water and sewage disposal capacity available to serve the proposed development . . . ."  (County Code, § 23.04.430.)  That section of the CZLUO implements groundwater

---

[2] The EAP states that, "areas underlain by these sands *outside of Los Osos are included*" in the SRA.  We do not read this statement to limit the SRA to dune sands located outside of Los Osos.  Instead, we read it to define the SRA as the entire area underlain by dune sands, including areas outside of Los Osos.

11

policies included in the LCP that require protection of the long-term integrity of the groundwater basin.

Appellant's proposed project is located in an area served by the Los Osos Wastewater Project (LOWWP). The coastal development permit that allowed for construction of the LOWWP includes Special Condition 6 which prohibits the extension of wastewater service "to undeveloped properties within the service area . . . unless and until the Estero Area Plan is amended to identify appropriate and sustainable buildout limits, and any appropriate mechanisms to stay within such limits, based on conclusive evidence indicating that adequate water is available to support development of such properties without adverse impacts to ground and surface waters, including wetlands and all related habitats." In addition to this prohibition against new sewer hookups, the Regional Water Quality Control Board prohibits new septic installations.

The Commission denied appellant's coastal development permit, in part, because it concluded the project site did not have access to adequate water and wastewater service. It contends the project cannot be connected to water and wastewater service without violating County Code section 23.04.430 and Special Condition 6. Appellant contends the project site has access to water and wastewater because the project site is already developed with water meters, sewer mains and laterals. These improvements were constructed in connection with Phase I of the project. Since 2007, appellants have used water supplied through the water meters for landscaping purposes.

Like the Commission, we are persuaded that the project site remains "undeveloped" for purposes of Special Condition No. 6 and the CZLUO, despite the installation of water meters and

12

other infrastructure. The coastal development permit for Phase I expressly required appellant to obtain a separate coastal development permit for the houses at issue here. The County approved permit for Phase I only after placing a scenic easement on the lots at issue here, to insure they would not be developed until after the community sewer was completed. The Commission's coastal development permit for Phase I also mandated that "future development of [the lots at issue here] is subject to a separate coastal development permit." Even assuming appellant was authorized to install water meters, sewer mains and laterals for these lots, appellant never had authorization to connect newly constructed houses to water meters or to the community sewer.

The County is prohibited from extending wastewater service to these lots until it satisfies the terms of Special Condition No. 6. Because that has not occurred, these lots lack access to water and wastewater services. Consequently, their development would violate section 23.04.430 of the County CZLUO and the LCP's groundwater policies. This constitutes substantial evidence supporting the Commission's decision to deny a coastal development permit for the project.

<em>Conclusion</em>

The order denying the petition for writ of mandate is affirmed. Respondent shall recover its costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.        CODY, J.

13

Rita Federman, Judge

Superior Court County of San Luis Obispo

_____

FisherBroyles and Paul J. Beard II, for Plaintiff and Appellant.

Rita L. Neal, County Counsel, Jon Ansolabehere, Assistant County Counsel, for amicus curiae on behalf of Plaintiff.

Rob Bonta, Attorney General, Daniel A. Olivas, Senior Assistant Attorney General, Christina Bull Arndt, Supervising Deputy Attorney General, Mitchell E. Rishe, Deputy Attorney General, for Defendant and Respondent.